24551.   SUMTER COUNTY *et al v.* HOLLIS.

DECIDED JUNE 19, 1935.

*W. B. Short,* for plaintiffs.   *James A. Fort,* for defendant.

BROYLES, C. J.   The bill of exceptions recites that "there came on to be tried the case of Georgia and Sumter County against Mrs. Sam McGarrah, defendant in fi. fa., and M. D. Hollis, claimant, the same being a tax fi. fa. in favor of the plaintiffs for State and county taxes for 1931, which was levied upon certain cottonseed to which M. D. Hollis, the claimant, filed a claim." The judge, by consent, passed on the case, without the intervention of a jury, on a written agreement of facts, and rendered a judgment in favor of the claimant, and the plaintiffs excepted. The agreed statement of facts was as follows: "That the cottonseed, the subject-matter of the above-stated claim, levied on, were grown in the year 1931, on the farm of Mrs. Sam McGarrah, defendant in fi. fa., and that

she was the producer thereof. That they remained in her possession as her property until they [were] sold in December, 1931, or January, 1932, by her to M. D. Hollis, claimant in the above-stated case. That they remained stored in the gin-house of defendant, which was located in the county of Marion, State of Georgia, where they were stored in the fall of 1931, as they were gathered from the crops of the said Mrs. Sam McGarrah, defendant in fi. fa., until after they were levied on by J. S. Wiggins, sheriff of Marion county, on the 25th day of April, 1933. That said fi. fa. so levied was issued on the 20th of December, 1931, by I. B. Small, Tax Commissioner of Sumter county, Georgia, directed 'To all and singular the sheriffs and constables of said State—Greeting: You are hereby commanded that of the goods and chattels, lands and tenements of Mrs. Sam McGarrah to levy and by distress and sale thereof sufficient to make the sum of $110.70 now due and owing to the State and county (said fi. fa. headed Georgia, Sumter county) for taxes for the year 1931, as well as all lawful costs and interest from date at 7%, and make due returns according to law.' That said cottonseed so levied on were not returned for taxes for the year 1931, and constituted no part of the aforesaid $110.70 for taxes, set out in the aforesaid fi. fa. That said fi. fa. was levied on said cottonseed by J. S. Wiggins, sheriff of Marion county, Georgia, on the 25th day of April, 1933, entry as follows: 'Georgia, Marion county. I have this day levied the within tax fi. fa. on ten tons of cottonseed more or less, stored in gin-house on the Worthy place in Marion county, and known as the Sam McGarrah place. 4-25-33. J. S. Wiggins, Sheriff of Marion County, Georgia.' In opinion of counsel for plaintiff in fi. fa., the construction of sec. 998 (a), 'All farm products including baled cotton grown in this State and remaining in the hands of the producer but not longer than for the year next after their production shall be exempt from taxation,' is controlling in this case; that is, if the cottonseed levied on are not exempt, under the construction by the courts of the meaning or application of said sec. 998 (a) of the Code of Georgia, then the plaintiff in fi. fa. should prevail, and the property levied on should be adjudged subject to said fi. fa., otherwise claimant should prevail in said case."

"All farm products, including baled cotton, grown in this State and remaining in the hands of the producer shall be exempt from

taxation for the year next after their production." Code of 1933, § 92-201, 1 Park's Code (1914), § 998(a). In *Federal Land Bank* v. *Farmers &c. Bank,* 177 *Ga.* 505 (170 S. E. 504), it was held as follows: "Property which was not returned or assessed for taxation is nevertheless subject to levy and sale for taxes accruing upon other property which was returned or assessed for such purpose. The fact that the unreturned property may be required to pay its own taxes at some time in the future is not a defense against the enforcement of a valid lien against the same for taxes due upon other property. Farm products which are themselves exempt from taxation may nevertheless be levied on and sold for taxes due upon other property of the same owner." It is stated in the briefs of counsel for all the parties that the only question for the determination of this court is the proper construction of section 92-201 of the Code of 1933; and in the brief of counsel for the defendant in error the following contention is made: "These cottonseed were raised in 1931, and sold either in December of that year or in the following January; therefore I am of the opinion that they were not subject to taxation. Aside from the fact that these seed were in the hands of the producer and sold within the exempted period of time, they were levied upon as the property of Mrs. Sam McGarrah when in fact they were the property of M. D. Hollis. These cottonseed had passed into the channel of trade, and having passed within the exempted period, it is my opinion that no tax lien attached. If the fi. fa. had issued against M. D. Hollis, the cottonseed would probably have been subject and the levy would have been good, but it is clear to me that the cottonseed, having passed out of the possession and ownership of the defendant in fi. fa., could not be reached by an execution against the former owner, since no lien attached." We agree in substance with this contention, and hold that under the agreed statement of facts the cottonseed were not subject to the levy, and that the court did not err in dismissing the levy and in rendering judgment in favor of the claimant. The case of *Federal Land Bank* v. *Farmers &c. Bank,* supra, cited and relied upon by the plaintiff in error, is differentiated from this case by its particular facts.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., concurs specially.*

GUERRY, J., concurring specially. I agree with the principle stated, that the cottonseed were not subject to taxation, but were subject to the payment of taxes accrued on other property. I think, however, that these cottonseed not being themselves subject to taxation and being placed as they were ginned in Marion County, Georgia, they did not therefore become so subject to a tax fi. fa. from Sumter County, Georgia, as to take precedence over a bona fide purchaser from the owner. In other words, Mrs. McGarrah owed taxes in Sumter County, Georgia for the year 1931, which were not paid on December 20, 1931, and a fi. fa. was issued therefor. Her property in Marion County, as provided in the Code of 1910, § 1174 ("If there is not sufficient property in the county where the taxpayer resides to satisfy the taxes, property situated in any other county is the subject of levy and sale)," may be subject to such fi. fa., omitting any discussion as to a showing that there was no property in Sumter County sufficient to satisfy the fi. fa.: but I think the tax lien, in order to come ahead of an innocent purchaser of the property of Mrs. McGarrah in Marion County, should have the fi. fa. recorded in Marion County. The fi. fa. is a lien on the property of the taxpayer located in Sumter County, so long as it remains unpaid. When it is paid by a third person and it is properly transferred, there must, under the Civil Code of 1910, § 1145, be a record of the fi. fa., even in Sumter County, in order for it to continue to take precedence over innocent purchasers. While it is true that "Liens for taxes . . shall cover the property of taxpayers liable to tax" (Code of 1910, § 3333), this lien, as the other liens with which it is treated in § 3329 to § 3364 inclusive, refers to the establishment of liens in the particular county and is subject to the recording acts, except that a tax fi. fa. issued for State and County taxes and not transferred by the State or County need not be recorded in the county where the property is situated for which the fi. fa. was issued. This provision should be limited to the jurisdiction of the particular county. Hollis, in the present case, bought from Mrs. McGarrah personal property, cottonseed not at the time subject to taxation. He was an innocent purchaser for value. The records of Marion County where the property was located showed no lien against the property. Any unpaid taxes due Marion County at the time by Mrs. McGarrah would have subjected the property. I think the

judgment sustaining the claim was proper, not on the ground that the cottonseed itself was exempt from taxes, although it may have been exempt from taxation, but on the ground that Hollis was an innocent purchaser. Chattel mortgages, under the Civil Code (1910), § 3259, to be binding against an innocent purchaser must be recorded in the county of the residence of the mortgagor, and if located at the time of the mortgage in some other county, and not that of the mortgagor's residence, in the county where the property is located. A judgment lien must be on the general execution docket of the county of the residence of the defendant in fi. fa. Code of 1910, § 3321. It does not take priority over transfers without this. If the defendant in fi. fa. has property in another county, the judgment must be recorded on the general execution docket there also.